**UNITED STATES DISTRIC COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| DENISHIA GANT, | ) |
| | ) Civil Action Number: |
| Plaintiff, | ) |
| | ) |
| v. | ) Jury Trial Demanded |
| | ) |
| UNITUS SECURITY, LLC a Domestic | ) |
| Limited Liability Company | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff Denishia Gant ("Plaintiff"), by and through her undersigned counsel, brings this action to correct unlawful employment practices by Defendant Unitus Security, LLC ("Defendant").

## INTRODUCTION

1.      This is an action involving the violation of Plaintiff's federal statutory rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII").

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

3.      Venue is proper is proper in the Northern District of Georgia under 28 U.S.C.

1

§ 1391 (b) (1) and (2) because a substantial part of events or omissions giving rise to the claims occurred within the jurisdiction of this Court and because Defendant is located in this District and are subject to personal jurisdiction in this District.

4. In accordance with Title VII, Plaintiff timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant, received their Notice of Right to Sue, and timely files this Complaint. Thus, all conditions precedent to the institution of this lawsuit have been fulfilled.

## PARTIES

5. Defendant is a domestic limited liability company with a principal place of business located at 225 Curie Drive, Suite 900, Alpharetta, GA, 30005.

6. Defendant can be served via its registered agent, Wilson Scott Hundley at 225 Curie Drive, Suite 900, Alpharetta, GA, 30005

7. Defendant conducts business in this District.

8. Plaintiff is a resident of this District.

9. At all relevant times, Defendant was an "employer" within the meaning of Title VII in that it was engaged in an industry affecting commerce which had fifteen or more employees for each working day in each of twenty or more calendar weeks during the year(s) that Plaintiff claims Defendant violated Title VII and/or the calendar year preceding the year(s) in which Plaintiff claims Defendant violated Title VII.

2

10.    Upon information and belief, Defendant had fifteen to 100 employees in each of twenty or more calendar weeks during the year(s) that Plaintiff alleges that Defendant violated Title VII and/or the calendar year preceding the year(s) in which Plaintiff claims Defendant violated Title VII.

11.    Plaintiff demands a jury trial.

## FACTUAL ALLEGATIONS

12.    During the relevant time(s) of this Complaint Plaintiff was and continues to be an employee of Defendant in the position of Security Guard.

13.    At all times material to the Complaint, Plaintiff had the skills to perform her job duties and she did successfully perform her job duties.

14.     On December 8, 2025 Plaintiff worked a shift at 1105 West Peachtree Street from 6am to 2pm.

15.    As Plaintiff was collecting her belongings to leave from the storage closet a supervising male officer came into the closet and asked her how she was doing,

16.    She replied she was doing good.

17.    He gave Plaintiff a hug with his left arm on her back and she said No.

18.    He then asked if she was going to my other job and she said no she was going out of town.

3

19. He then proceeded to lower his left hand and touched the top of her butt/behind.

20. He told her she deserved a trip and hoped she would have a safe one.

21. He then put his lips on her right cheek and left the room.

22. After reporting the above incident Plaintiff was involuntarily moved to provide security at another location and her shift hours were reduced.

23. Plaintiff was the victim of sexual battery by a supervisor and she was retaliated against for reporting the incident.

24. Plaintiff requested counseling or emotional support services and was told the company does not provide same and is not legally required to.

25. Plaintiff was removed from her job location and upon information and belief the male officer was not.

## COUNT I: SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT

26. incorporates by reference herein the preceding paragraphs of this Complaint.

27. Defendant has a duty to maintain a work environment free of sex discrimination and harassment.

28. Defendant's action and inaction created a hostile and offensive work

environment and interfered with Plaintiff's work.

29.    Defendant knew or should have known of the hostile work environment and failed to take prompt remedial action reasonably calculated to end the harassment.

30.    Defendant further violated federal law by failing to take action reasonably calculated to prevent sex discrimination and harassment on the basis of sex and by permitting a work environment to exist that was hostile and offensive to Plaintiff on the basis of her sex.

31.    As a direct and proximate result of Defendant's actions and inactions, Plaintiff has suffered damages.

32.    At all times material hereto, Defendant engaged in a discriminatory practice with malice or reckless indifference to the federally protected rights of Plaintiff so as to support an award of compensatory and punitive damages.

33.    The above-described acts of Defendant constitute sexual harassment and discrimination in violation of Title VII.

## COUNT TWO: RETALIATION

34.    Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

35.    In violation of Title VII, Defendant retaliated against Plaintiff for complaining about sexual harassment and hostile work environment.

36.    Defendant never told Plaintiff that their job performance was deficient in any

5

way.

37.     Plaintiff was qualified for their position.

38.     Had Plaintiff not complained about sexual harassment Defendant would not have retaliated against her by.

39.     Defendant did not have a legitimate non-retaliatory reason to retaliate against Plaintiff.

40.     The only reason Defendant made the decisions to retaliate against Plaintiff was because she complained about sexual harassment.

41.     The aforementioned acts constitute unlawful practices pursuant to Title

VII.

42.     The effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

43.     The unlawful employment practices complained of above were intentional.

44.     Plaintiff is entitled to an award of back pay and benefits, front pay, compensatory damages, punitive damages, injunctive relief, attorney's fees and costs, and all other appropriate damages, remedies, and other relief available under the Title VII.

45.     As a result of Defendant's discriminatory and retaliatory acts, Plaintiff has suffered and will continue to suffer damages.

46.     Defendant acted willfully toward Plaintiff with actual malice or with reckless disregard of the protected rights of Plaintiff so as to support an award of punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for judgment in their favor in the form of an Order of this Court:

A. Awarding Plaintiff damages including, but not limited to, back pay, lost wages, bonuses, and all other employment benefits to be determined at trial]

B. Awarding Plaintiff punitive damages;

C. Awarding Plaintiff compensatory damages;

D. Awarding Plaintiff injunctive relief;

E. Awarding Plaintiff reasonable attorney's fees and expenses;

F. Awarding Plaintiff any further relief permitted under law; and

G. Awarding Plaintiff any further relief as the Court deems just and proper.

Respectfully submitted this 24th day of February, 2026

MARTIN & MARTIN, LLP
By: /s/ *Thomas F. Martin*
Thomas F. Martin
tfmartinlaw@msn.com
Georgia Bar No. 482595
Post Office Box 1070
Tucker, Georgia 30085
(770) 344-7267

7